Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ZORYLEEN LLANOS FERRER, OMAYA BONILLA LLANOS, ÁNGEL COUFO LLANOS<br><br>APELANTES<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN, DEPARTAMENTO DE JUSTICIA, ANA ESCOBAR PABÓN Y OTROS<br><br>APELADOS | KLAN202500045 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm. CA2023CV02351<br><br>Sobre:<br>Ley de Represalia en el Empleo (Ley Núm. 115-1991), Persecución Maliciosa |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de marzo de 2025.

**I.**

El 17 de enero de 2025, la doctora Zoryleen Llanos Ferrer (doctora Llanos Ferrer), Omaya D. Bonilla Llanos representada por sus padres con patria potestad; y Ángel R. Coufo Llanos, representado por sus padres con patria potestad (en conjunto, parte apelante) presentaron una *Apelación* en la que solicitan que revoquemos una *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, (TPI) el 13 de noviembre de 2024, y notificada y archivada digitalmente en autos el 3 de diciembre de 2024.[1] Mediante este dictamen, el foro primario declaró Ha Lugar la *Moción de Reconsideración* presentada por el

---

[1] Apéndice de la *Apelación, Resolución Interlocutoria,* pág. 166.

Estado Libre Asociado (ELA) el 8 de noviembre de 2024;[2] y consecuentemente, enmendó la *Sentencia* emitida el 22 de octubre de 2024, y notificada y archivada digitalmente el 24 de noviembre de 2024,[3] para que el desistimiento fuese *con perjuicio* con relación a las alegaciones 14 al 54 de la *Demanda,*[4] y *sin perjuicio* respecto a las alegaciones 55 en adelante.

El 28 de enero de 2025, emitimos una *Resolución* en la que le concedimos a la parte apelada hasta el 18 de febrero de 2025 para presentar su alegato en oposición.

Así las cosas, el ELA, representado por la Oficina del Procurador General de Puerto Rico (Procurador General), radicó su *Alegato* el 13 de febrero de 2025.

Contando con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso, y pormenorizamos los hechos procesales atinentes a la *Apelación.*

**II.**

El caso de marras tiene su génesis el 22 de julio de 2023 cuando la parte apelante presentó una *Demanda* en contra del ELA, el Departamento de Corrección y Rehabilitación (DCR), la señora Ana Escobar Pabón (señora Escobar Pabón), en su carácter oficial y personal; la señora Sinaira Camacho Heredia (señora Camacho Heredia), en su carácter oficial y personal; y sus respectivas Sociedades Legales de Gananciales, al amparo de la *Ley contra el Despido Injusto o Represalias a todo Empleado por Ofrecer Testimonio ante un Foro Legislativo, Administrativo o Judicial,* Ley Núm. 115 del 20 de diciembre de 1991, según enmendada, 29 LPRA secs. 194 *et seq.*; y en concepto de daños y perjuicios.

---

[2] Íd., *Moción de Reconsideración,* págs. 111-165.
[3] Íd., *Sentencia,* págs. 103-109.
[4] Íd., *Demanda,* págs. 1-17.

Posteriormente, la parte apelante radicó una *Demanda Enmendada* el 25 de agosto de 2023.[5]

El 6 de noviembre de 2023, el Departamento de Justicia, en representación de la señora Escobar Pabón presentó una *Comparecencia especial en solicitud de desestimación* basándose en la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2.[6] Arguyó que no existía una causa de acción por represalia en contra de la señora Escobar Pabón en su carácter personal.

Por su parte, el ELA, por sí y en representación del DCR, radicó una *Moción de Desestimación* conforme a la Regla 10.2 (1) y (5) de Procedimiento Civil, *supra*, R. 10.2 (1) y (5), el 6 de noviembre de 2023.[7] Alegó que la Comisión Apelativa del Servicio Público (CASP) poseía jurisdicción primaria exclusiva para atender las alegaciones, y, por ende, el foro primario carecía de jurisdicción. En la alternativa, sostuvo que, al amparo de la doctrina de agotamiento de remedios administrativos, procedía que el TPI paralizara el caso para concederle la oportunidad a la CASP de pasar juicio solamente en cuanto a los asuntos argüidos por la parte apelante en su apelación ante dicha agencia administrativa. Por último, expuso que procedía la desestimación de la *Demanda Enmendada* toda vez que la parte demandante incumplió con el requisito de notificarle al Secretario de Justicia de su intención de demandar dentro del término de noventa (90) días desde que advino en conocimiento de los supuestos daños sobre los cuales basa su causa de acción, a tenor con el Artículo 2-A de la *Ley de Reclamaciones y Demandas contra el Estado*, Ley Núm. 104 del 29 de junio de 1955, según enmendada, 32 LPRA sec. 3077a.

---

[5] Íd., *Demanda Enmendada*, págs. 18-36.
[6] Íd., *Comparecencia especial en solicitud de desestimación*, págs. 37-52.
[7] Íd., *Moción de Desestimación*, págs. 53-77.

El 7 de noviembre de 2023, el Departamento de Justicia, en representación de la señora Camacho Heredia, presentó una *Comparecencia especial en solicitud de desestimación*.[8] Sostuvo que la parte apelante no logró establecer una causa de acción en contra de la señora Camacho Heredia en su carácter personal, a tenor con la Regla 10.2 de Procedimiento Civil, *supra*, por lo que solicitó la desestimación del caso presentado en contra suya.

Ulteriormente, la representante legal de la parte apelante presentó un *Relevo de Representación Legal* el 18 de diciembre de 2023.[9]

Luego de varios trámites procesales, la señora Escobar Pabón y la señora Camacho Heredia presentaron una *Segunda Moción de Desestimación por Falta de Interés* el 25 de septiembre de 2024.[10] Arguyeron que había transcurrido la sexta y última prórroga de sesenta (60) días concedida por el foro primario para que la parte apelante expusiera su posición sobre las peticiones de desestimación por conducto de un representante legal. Ante tales circunstancias, solicitaron la desestimación del pleito de epígrafe, a tenor con la Regla 39.2 (b) de Procedimiento Civil, *supra*, R. 39.2 (b), por la falta de interés, ausencia de movimiento por más de diez (10) meses, e incumplimiento con las órdenes del tribunal para que anunciara un representante legal.

Por su parte, la doctora Llanos Ferrer, por derecho propio, radicó una *Moción en Solicitud de Desestimación Sin Perjuicio* el 15 de octubre de 2024 donde solicitó del foro *a quo* la desestimación sin perjuicio de la demanda del caso de marras.[11]

El 22 de octubre de 2024, el TPI emitió una *Sentencia*, notificada y archivada digitalmente en autos por la que declaró Ha

---

[8] Íd., *Comparecencia especial en solicitud de desestimación*, págs. 78-90.
[9] Íd., *Relevo de Representación Legal*, págs. 91-92.
[10] Íd., *Segunda Moción de Desestimación por Falta de Interés*, págs. 93-96.
[11] Íd., *Moción en Solicitud de Desestimación Sin Perjuicio*, págs. 97-102.

Lugar el desistimiento del caso *sin perjuicio,* al amparo de la Regla 39.1 (a) de Procedimiento Civil, *supra,* R. 39.1 (a).[12]

Insatisfecho, el ELA presentó una *Moción de Reconsideración* el 8 de noviembre de 2024.[13] Solicitó del foro *a quo* la desestimación con perjuicio del pleito, pues sostuvo que era la segunda ocasión por la que la parte apelante desistía de las causas de acción que obraban en la *Demanda.* Específicamente arguyó que los párrafos 37 al 82 de la *Segunda Demanda Enmendada* en el caso CA2019CV02200 fueron todos incluidos en el caso de referencia mediante los párrafos 14 al 54 de la *Demanda,* y 14 al 55 de la *Demanda Enmendada.*

El TPI emitió una *Resolución Interlocutoria* el 13 de noviembre de 2024, notificada y archivada digitalmente en autos el 3 de diciembre de 2024, por la que declaró Ha Lugar la petición de reconsideración del ELA,[14] y consecuentemente, enmendó la *Sentencia* para que el desistimiento fuese *con perjuicio* en cuanto a las alegaciones 14 al 54 de la *Demanda,* y *sin perjuicio* en canto a las alegaciones 55 en adelante.

El 10 de diciembre de 2024, la doctora Llanos Ferrer, por derecho propio, radicó una *Moción en Solicitud de Reconsideración y Relevo de Resolución.*[15] Por medio de esta, sostuvo que el ELA no le notificó la solicitud de reconsideración y el foro primario tampoco le concedió tiempo suficiente para responder adecuadamente a la misma. Por lo tanto, suplicó del TPI que dejara sin efecto la *Resolución Interlocutoria,* y le concediera un término veinte (20) días a partir de la notificación de correo ordinario para responder a la moción de reconsideración.

Luego de ello, el ELA presentó una *Réplica a "Moción en Solicitud de Reconsideración y Relevo de Resolución"* el 11 de

---

[12] Íd., *Sentencia,* págs. 103-109.
[13] Íd., *Moción de Reconsideración,* págs. 111-165.
[14] Íd., *Moción Interlocutoria,* pág. 166.
[15] Íd., *Moción en Solicitud de Reconsideración y Relevo de Resolución,* págs. 168-170.

diciembre de 2024.[16] En lo pertinente, le acompañó el correo electrónico que le cursó a la doctora Llanos Ferrer el mismo día que radicó la moción de reconsideración con copia de esta última. También indicó que la parte apelante tuvo tiempo suficiente para presentar la solicitud de reconsideración, inclusive, radicó la petición de reconsideración en un término mayor al de veinte (20) días, según dispuesto en la Regla 8.4 de Procedimiento Civil, *supra*, R. 8.4.

El TPI emitió una *Orden* el 17 de diciembre de 2024, notificada y archivada digitalmente en autos al día siguiente, donde declaró No Ha Lugar la solicitud de reconsideración de la parte apelante.[17]

Posteriormente, la doctora Llanos Ferrer, por derecho propio, radicó una *Moción Informativa y en Réplica de "Moción en R[é]plica a Moción de Reconsideración y Relevo de Resolución"* el 15 de enero de 2025.[18] Alegó que el ELA no le notificó la solicitud de reconsideración a los demás demandantes en el pleito, quienes expuso que no tenían representante legal alguno, y que ninguno de los demandantes había solicitado de forma expresa e inequívoca su interés de ejercer su derecho a la autorrepresentación.

En desacuerdo con la *Resolución Interlocutoria*, el 17 de enero de 2025, la parte apelante acudió ante este foro mediante recurso de apelación y formuló los siguientes señalamientos de error:

> La Resolución Interlocutoria, refrendada por la Orden subsiguiente, mediante la cual el TPI desestima con perjuicio la demanda presentada por la doctora Zoryleen Llanos Ferrer y sus hijos, vulnera los derechos civiles y constitucionales de las partes. Esta decisión convierte el proceso judicial en uno injusto y parcializado, al permitir su continuidad sin que el TPI haya evaluado ni autorizado previamente su representación personal (pro se). Tal situación resulta especialmente inadecuada considerando la complejidad de los argumentos legales en disputa.
>
> En cuanto a los menores, hijos de la codemandante, la vulneración fue aún mayor, ya que carecieron de

---

[16] Íd., *Réplica a "Moción en Solicitud de Reconsideración y Relevo de Resolución"*, págs. 171-184.

[17] Íd., *Orden*, pág. 185; *Íd.*, *Orden*, pág. 186.

[18] Íd., *Moción Informativa y en Réplica de "Moción en R[é]plica a Moción de Reconsideración y Relevo de Resolución",* págs. 187-192.

representación legal, lo que constituye una flagrante violación al debido proceso.

Para colmo, la Resolución Interlocutoria nunca fue perfeccionada, lo que pone de manifiesto una evidente parcialidad del TPI a favor del Estado Libre Asociado, codemandado en este caso.

Es su contención que se violentó el debido proceso de ley pues se le notificó las determinaciones del tribunal a un correo electrónico que no le pertenece, a pesar de que en sus escritos, por derecho propio, informó su correo electrónico, a saber llanoszoryleen@gmail.com. En relación a los hijos de la demandante, que son menores de edad, alegó que el TPI no les nombró un defensor judicial previo al archivo del caso.

Por su parte, el ELA, representado por el Procurador General, presentó un alegato en oposición el 13 de febrero de 2025. En síntesis, reiteró que le cursó la solicitud de reconsideración a la parte apelante a través de los correos electrónicos de la doctora Llanos Ferrer; y el foro primario no estaba obligado a nombrar un defensor judicial a favor de los hijos de esta, pues sostuvo que la doctora Llanos Ferrer, quien poseía la patria potestad, subsanó la carencia de la capacidad de obrar de sus hijos codemandantes en el presente pleito, y no informó conflicto de interés alguno. Por último, alegó que procedía el desistimiento con perjuicio de las alegaciones 14 a la 54 de la *Demanda* ya que fueron alegaciones de la causa de acción por represalias que fueron desistidas por segunda vez.

A continuación, pormenorizaremos las normas jurídicas atinentes a este recurso de apelación.

**III.**

**A.**

Es harto conocido que "los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de parte o *motu proprio*, siempre que, al actuar de esa manera, todavía conserven jurisdicción sobre el caso". ***División de Empleados***

*Públicos de la Unión General de Trabajadores v. Cuerpo de Emergencias Médicas de Puerto Rico*, 212 DPR 742, 748 (2023) (*citando a* **Pueblo v. Román Feliciano**, 181 DPR 679, 684 (2011)). La moción de reconsideración es el mecanismo que se utiliza para que un tribunal modifique su determinación y corrija los errores en los cuales haya incurrido. ***División de Empleados Públicos de la Unión General de Trabajadores v. Cuerpo de Emergencias Médicas de Puerto Rico***, supra, pág. 748.

Dicho mecanismo está regido por la Regla 47 de Procedimiento Civil, *supra*, R. 47; ***División de Empleados Públicos de la Unión General de Trabajadores v. Cuerpo de Emergencias Médicas de Puerto Rico***, supra, págs. 748-749. Esta regla dispone que la parte adversamente afectada por una sentencia o resolución del foro primario puede presentar una moción de reconsideración, dentro de un término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, o dentro de un término de cumplimiento estricto de quince (15) días desde la fecha de notificación de la orden o resolución. Una vez la presente, los términos para recurrir en alzada quedarán interrumpidos para todas las partes, y comenzarán a correr nuevamente desde la fecha en que se archive en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. Sin embargo, dentro de los quince (15) días establecidos para presentarla ante el TPI, la parte afectada deberá notificarle la moción de reconsideración a las demás partes de forma simultánea, y dicho término es de cumplimiento estricto. Regla 47 de Procedimiento Civil, *supra*. Este efecto interruptor está condicionado a que el foro primario pase juicio sobre si la moción de reconsideración cumplió con las exigencias de la Regla 47 de Procedimiento Civil, *supra*. ***División de Empleados Públicos de la Unión General de Trabajadores v. Cuerpo de Emergencias Médicas de Puerto Rico***, supra, págs.

752-753. En otras palabras, aun cuando se presente la moción de reconsideración en el término dispuesto para ello, no tendrá el efecto de paralizar los términos si se incumple con la citada regla, incluyendo el requisito de notificársela a las demás partes. Íd., pág. 753; ***Rivera Marcucci et al. v. Suiza Dairy***, 196 DPR 157, 174 (2016).

En esa misma línea, se le debe notificar a todas las partes todo escrito radicado por las partes. Regla 67.1 de Procedimiento Civil, *supra*, R. 67.1. En lo pertinente, la notificación a la parte se realiza entregándole copia o remitiéndosela por correo, fax o medio electrónico a la última dirección que se haya consignado en el expediente por la parte que se autorepresenta. Regla 67.2 de Procedimiento Civil, *supra*, R. 67.2.

**B.**

Las personas naturales pueden representarse en pleitos civiles, pero, para ello, deben cumplir con los siguientes requisitos:

> (a) que la persona no está representada por abogado o abogada;
> (b) que la decisión de autorepresentación es voluntaria e inteligente, así como con pleno conocimiento de causa y de que la persona será tratada como cualquier otra parte representada por abogado o abogada;
> (c) que la persona puede representarse a sí misma de manera adecuada, de acuerdo a la complejidad de la controversia a adjudicarse;
> (d) que la persona tiene los conocimientos mínimos necesarios para defender adecuadamente sus intereses, cumplir con las reglas procesales y alegar el derecho sustantivo aplicable, y
> (e) que la autorrepresentación no va a causar o contribuir a una demora indebida o a una interrupción de los procedimientos, que no entorpecerá la adecuada administración de la justicia ni atentará contra la dignidad del tribunal, de las partes o de sus abogados o abogadas.
> El tribunal deberá asegurarse de que la persona cumple con estos requisitos a partir de su comparecencia inicial y durante todo el proceso. El incumplimiento con alguno de estos requisitos será causa justificada para suspender su autorrepresentación. Cuando el tribunal suspenda la autorrepresentación de una persona, le ordenará que en determinado plazo comparezca representada por abogado o abogada.
> Si una parte durante el transcurso de un proceso desea representarse, deberá solicitar autorización al tribunal, pero además de cumplir con los incisos (a) al (e) anteriores, deberá satisfacer los criterios siguientes:
> (1) que la persona ha solicitado representarse de forma oportuna, y

> (2) que la persona ha manifestado de manera expresa e inequívoca el propósito o interés de comenzar con su autorrepresentación.
>
> La persona que comparece por derecho propio está sujeta a que se le impongan las mismas sanciones que la Regla 9.3 provee para los abogados y abogadas, así como las consecuencias procesales que estas reglas proveen para las partes representadas por abogado o abogada. El Tribunal no está obligado a ilustrar a la persona que se representa por derecho propio acerca de las leyes o reglas ni a nombrarle abogados o abogadas para que le asesoren durante el proceso ni a inquirir respecto a las razones por las cuales ha elegido la representación por derecho propio, aunque en los casos que estime conveniente para lograr la sana administración de la justicia, deberá así hacerlo.

Regla 9.4 de Procedimiento Civil, *supra*, R. 9.4.

No obstante, nuestro máximo foro ha establecido que el derecho a autorrepresentarse no es absoluto e ilimitado, sino que existen consideraciones que "podrían inducir correctamente a un magistrado a negar a las partes o a un acusado en determinados casos la oportunidad de representarse por derecho propio en los procedimientos judiciales". ***Lizarribar v. Martínez Gelpí***, 121 DPR 770, 785 (1988). Cada una de las consideraciones deben ser justamente balanceadas por el Tribunal, atendiendo las circunstancias particulares del pleito, lo intereses de las partes y la eficiencia en la administración de la justicia. Íd., pág. 786.

## C.

Por otro lado, aunque un menor de edad carece de capacidad de obrar, este puede ser parte en el pleito. ***Bonilla Ramos v. Dávila Medina***, 185 DPR 667, 678 (2012). Esta falta de capacidad debe ser subsanada por medio de la representación de su madre o padre con patria potestad, su tutor o defensor judicial. ***Íd***; ***Álvareztorre Muñiz v. Sorani Jiménez***, 175 DPR 398, 419 (2009). Esta representación corresponde con prelación al padre o a la madre que ostentan la patria potestad. ***Álvareztorre Muñiz v. Sorani Jiménez***, supra, págs. 425-426; véase también, Artículo 590 del *"Código Civil de Puerto Rico" de 2020*, Ley Núm. 55 del 1 de junio de 2020, 31 LPRA

sec. 7242; Artículo 153 del *"Código Civil de Puerto Rico"* Edición de 1930, 31 LPRA ant. sec. 601.

En esa misma línea, un defensor judicial es aquel "tutor especial nombrado [por el tribunal] para que represente a un incapacitado o a un menor en un pleito especifico". **Rivera Marrero v. Santiago Martínez**, 203 DPR 462, 486 (2019) (*citando a* **Crespo v. Cintrón**, 159 DPR 290, 300 (2003)). Este nombramiento procede conforme al poder de *parens patriae* que ostenta el Estado y que tiene como único propósito asegurar el bienestar de los menores e incapacitados. **Rivera Marrero v. Santiago Martínez**, supra, pág. 486; **Crespo v. Cintrón**, supra, pág. 300. Los tribunales tienen la facultad para nombrar un defensor judicial que represente a un menor de edad o una persona declarada incapaz judicialmente en una causa de acción conforme a la ley o cuando lo juzgue conveniente. Regla 15.2 de Procedimiento Civil, *supra*, R. 15.2. Sin embargo, "[e]l nombramiento del defensor judicial provisto en los casos donde los progenitores <u>tengan un interés contrario al del menor</u> constituye una **excepción** a los derechos y las obligaciones que tienen los padres por ostentar la patria potestad de sus hijos menores no emancipados". **Crespo v. Cintrón**, supra, pág. 300 (Énfasis y subrayado nuestro); **Rivera Marrero v. Santiago Martínez**, supra, págs. 491-492. De igual modo, este nombramiento de un defensor judicial "no tiene unos requisitos de forma particulares; menos una forma concreta de realizar la solicitud. Basta con que la parte interesada haga la petición cuando ambos padres o alguno de ellos tenga un interés opuesto al de su hijo no emancipado". **Rivera Marrero v. Santiago Martínez**, supra, pág. 492.

**D.**

El desistimiento es aquella declaración de voluntad mediante la cual una parte anuncia su deseo de no continuar con la

reclamación que interpuso. ***Pagán Rodríguez v. Rivera Schatz***, 206 DPR 277, 285 (2021). La parte demandante puede desistir del caso voluntariamente sin la orden de un tribunal a través de un aviso de desistimiento previo a la notificación de la contestación de la parte adversa o una moción de sentencia sumaria, cualquiera de estas que se notifique primero; o por estipulación de todas las partes comparecientes. Regla 39.1 (a)(1) y (a)(2) de Procedimiento Civil, *supra*, R. 39.1 (a)(1) y (a)(2). ***Pagán Rodríguez v. Rivera Schatz***, supra, págs. 286-287; ***Pramco CV6, LLC v. Delgado Cruz***, 184 DPR 453, 459 (2012). De igual modo, la Regla 39.1 (a) de Procedimiento Civil, *supra*, dispone que:

> A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, **excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o** en algún tribunal federal o de cualquier estado de Estados Unidos de América, **de otro pleito basado en o que incluya la misma reclamación.**
>
> *Íd.* (Énfasis suplido); ***Pramco CV6, LLC v. Delgado Cruz***, supra, 460.

El propósito de la norma de dos (2) desistimientos es "es prevenir el uso irrazonable por el demandante de su derecho unilateral a desistir de una acción antes de la intervención de las demás partes". ***Pramco CV6, LLC v. Delgado Cruz***, supra, 460. Dicha doctrina "responde a la preocupación de que un litigante renuncie unilateralmente y presente su causa de acción indefinidamente por el mero hecho de que en nada afecta a aquella parte que no ha comparecido". **Íd**., pág. 461. Ante tales circunstancias, el segundo desistimiento constituye una adjudicación en los méritos y, por lo tanto, un desistimiento con perjuicio. **Íd**., pág. 460.

**IV.**

En el caso ante nos, corresponde determinar si era necesario nombrar un defensor judicial para la representación de los hijos de

la parte apelante antes del archivo del caso y si la parte apelante podía autorepresentarse; si el ELA le notificó a la parte apelante la *Moción de Reconsideración* respecto a la *Sentencia* emitida el 22 de octubre de 2024, notificada y archivada digitalmente en autos el 24 de octubre de 2024; y si procedía el desistimiento con perjuicio de las alegaciones 14 a la 54 de la *Demanda.*

A tenor con la *Resolución Interlocutoria* apelada, el foro primario declaró Ha Lugar la *Moción de Reconsideración* radicada por el ELA, y consecuentemente, enmendó la *Sentencia* para que el desistimiento **con perjuicio** fuese con relación a las alegaciones 14 al 54 de la *Demanda*, ya que fueron desistidas en un pleito anterior presentado por la apelante en contra de las apeladas por los mismos hechos y sin perjuicio respecto a las alegaciones 55 en adelante. Sin embargo, denegó la petición de reconsideración presentada por la parte apelante sobre dicha enmienda.

En desacuerdo, la parte apelante sostuvo ante nos que el ELA no le notificó la petición de reconsideración al correo electrónico correcto por lo que esta última era inválida impidiendo que se interrumpieran los términos para ir en alzada. También alegó que el Tribunal le notificó a un correo electrónico que no le pertenece. Además, arguyó que ninguno de los demandantes había solicitado autorepresentarse de forma inequívoca y que, para salvaguardar el bienestar de los menores, procedía designar un defensor judicial.

Por su parte, el ELA arguyó que le cursó la solicitud de reconsideración a la parte apelante a través de los correos electrónicos de la doctora Llanos Ferrer; y el foro primario no estaba obligado a nombrar un defensor judicial porque la doctora Llanos Ferrer subsanó la carencia de la capacidad de obrar de sus hijos, y no informó conflicto de interés alguno con sus hijos. Por último, expuso que procedía el desistimiento con perjuicio de las alegaciones 14 a la 54 de la *Demanda,* pues la parte apelante ya había desistido

de dichas alegaciones una primera vez mediante la *Segunda Demanda Enmendada* presentada en el caso CA2019CV02200.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica apelativa adjudicativa, resulta forzoso concluir que el TPI no incidió en los errores señalados.

Como anteriormente pormenorizamos, aunque un menor de edad carece de capacidad para obrar, un padre o madre con patria potestad puede subsanarla. Sin embargo, procede el nombramiento de un defensor judicial <u>cuando los progenitores poseen un interés contrario al del menor</u>.

Por otra parte, también expusimos que las personas naturales deben cumplir con una serie de requisitos para representarse en pleitos civiles y que existen unas consideraciones que pueden inducir al Tribunal a negar dicha representación por derecho propio.

En el pleito de epígrafe, la doctora Llanos Ferrer no presentó ningún interés contrario al de sus hijos. Por el contrario, ella arguyó en la *Demanda* y *Demanda Enmendada* que presentó, por sí y en representación de sus hijos menores de edad, que la supuesta condición física y emocional de la doctora Llanos Ferrer alegadamente impidió que pudiese estudiar y/o darles seguimiento a las tareas de su hija causando que ella tuviese que repetir un grado. De igual modo, sostuvo que sus hijos no estuvieron exentos del sufrimiento de ella. Por lo tanto, ante la ausencia de conflicto de interés, no existía razón para nombrar un defensor judicial y la comparecencia de la doctora Llanos Ferrer subsanó la carencia de capacidad de sus hijos para obrar, en el caso.

Por otro lado, del expediente no surge que el Tribunal haya autorizado la autorrepresentación de la doctora Llanos Ferrer. Al contrario, el foro primario le concedió un total de seis (6) prórrogas para que esta anunciara un representante legal. Sin embargo, fue la doctora Llanos Ferrer quien no solo incumplió reiteradamente con

las órdenes, sino que presentó un aviso de desistimiento para darle fin al caso de epígrafe.

Por otro lado, y según expuesto en la sección anterior, "[l]a moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea". Sin embargo, aun cuando se presente la moción de reconsideración en el término dispuesto para ello, no tendrá el efecto de paralizar los términos si se incumple con la Regla 47 de Procedimiento Civil, *supra*, incluyendo el requisito de notificársela a las demás partes. Asimismo, la notificación a la parte se realiza cursándole copia o remitiéndosela por correo, fax o medio electrónico a la última dirección que se haya consignado en el expediente por la parte que se auto representa. Regla 67.2 de Procedimiento Civil, *supra*, R. 67.2.

En el caso de marras, se desprenden múltiples correos electrónicos con relación a la doctora Llanos Ferrer; a saber, "llanoszoryleen@gmail.com";[19] "llanoszoryleen@yahoo.com";[20] y "zoryleenllanos@yahoo.com".[21] El primer correo electrónico fue utilizado por la doctora Llanos Ferrer, *pro se*, cuando solicitó el desistimiento del pleito de epígrafe; y la tercera dirección fue suplida por su ex representante legal en el *Relevo de Representación Legal*, y fue la que utilizó la propia doctora Llanos Ferrer para enviarle a la representación legal del ELA la *Moción en Solicitud de Reconsideración y Relevo de Reconsideración*. Además, el foro primario notificó la *Sentencia*, la *Resolución Interlocutoria* y las órdenes al segundo correo electrónico. Contrario a lo argüido por la doctora Llanos Ferrer, concluyentemente el ELA notificó la *Moción*

---

[19] Apéndice de la *Apelación, Moción Solicitud Desestimación Sin Perjuicio*, pág. 99.
[20] Íd., *Notificación de la Sentencia*, pág. 110.
[21] Íd., *Réplica a "Moción en Solicitud de Reconsideración y Relevo de Resolución"*, pág. 184; *Íd., Relevo de Representación Legal*, pág. 92.

*de Reconsideración* a dos (2) de los correos electrónicos de la doctora Llanos Ferrer; siendo estos, "llanoszoryleen@yahoo.com" y "llanoszoryleen@gmail.com".[22] Por lo tanto, la *Moción de Reconsideración* cumplió con el requisito de notificación a las partes y paralizó los términos para recurrir en alzada a este Tribunal.

Por último, también puntualizamos que una de las formas de desistir de un pleito sin una orden de un tribunal es a través de un aviso de desistimiento, previo a la notificación de la contestación de la parte adversa o una moción de sentencia sumaria. Este aviso debe ser sin perjuicio, a menos que la parte demandante hubiese "desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación". Regla 39.1 (a) de Procedimiento Civil, *supra.* En otras palabras, un segundo desistimiento constituye una adjudicación en los méritos, y, por ende, con perjuicio.

Según se desprende del caso de marras, los párrafos 37 al 82 de la *Segunda Demanda Enmendada* radicada por la doctora Llanos Ferrer en el caso CA2019CV02200 en contra de los aquí demandados y apelados son idénticos que los párrafos 14 al 54 de la *Demanda*, y 14 al 55 de la *Demanda Enmendada* en el pleito de epígrafe. Inclusive, a pesar de que la doctora Llanos Ferrer era la única demandante en el pleito CA2019CV02200, sin la inclusión de sus hijos, las alegaciones no versan sobre estos últimos. Por ende, el TPI no erró al tenerla por desistida *con perjuicio* de las alegaciones 14 al 54 de la *Demanda,* toda vez que fueron desistidas previamente y *sin perjuicio* las alegaciones 55 en adelante.

---

[22] Íd., *Moción de Reconsideración,* pág. 177.

## V.

Por los fundamentos que anteceden, se confirma la determinación recurrida.

Lo acordó y lo certifica el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaría del Tribunal de Apelaciones